UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. BROWN,<br>　　　　Plaintiff,<br>　v.<br>J. ABOYTES, et al.,<br>　　　　Defendants. | Case No. 17-cv-03120-JCS (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**<br><br>**ORDER REFERRING THIS ACTION TO JUDGE ILLMAN FOR SETTLEMENT**<br><br>Dkt. Nos. 16 and 32 |

## INTRODUCTION

Plaintiff claims that Salinas Valley prison guards Aboytes and Magana used excessive force against him.[1] He also claims that defendant Jeudy, a nurse, was deliberately indifferent to his serious medical needs after the attack.

Defendants Aboytes and Magana move for summary judgment on grounds that plaintiff failed to exhaust his claims before filing suit.[2] (Dkt. No. 16.) Summary judgment will be denied because there is a dispute of material fact whether plaintiff complied with exhaustion requirements.

Defendant Jeudy moves for summary judgment on grounds that plaintiff's grievance did not contain sufficient information to place the prison on notice about the nature of the grievance and the relief sought. Summary judgment will be denied because

---

[1] All parties have consented to magistrate judge jurisdiction. (Dkt. Nos. 4 and 11.)

[2] Defendants provided plaintiff with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). (Dkt. No. 14.)

the notice was sufficiently detailed.

This action will be referred for settlement.

## FACTUAL BACKGROUND

Plaintiff alleges that on September 26, 2015 defendants Aboytes and Magana pepper-sprayed him through the food-tray port in his cell; Aboytes and Magana pepper-sprayed him again when he was on the floor of his cell even though he was in a non-threatening position; Aboytes, while handcuffing plaintiff through the tray port, slammed his right index finger into the port latch; he was placed in a holding cell for 30 minutes while still covered in pepper spray; defendant Jeudy refused to decontaminate him and treat his lacerations, abrasions, and other wounds; and that Aboytes and Magana denied his request for cleaning supplies, new clothing, and cleaning assistance. (Compl., Dkt. No. 1 at 6-8.)

For purposes of this order, however, the factual circumstances that matter are those surrounding plaintiff's exhaustion of his grievances. Six grievances are relevant here.

### No. 15-04747

In this grievance, plaintiff alleged that after the pepper-spray attack he was not given fresh laundry or assistance in decontaminating his cell and person. (MSJ, Voong Decl., Dkt. No. 16-3 ¶ 11.) He also alleged that he was rehoused in the same still-contaminated cell and did not receive medical care. (*Id.*) His grievance was granted in part at the second level of review. (*Id.*, Lomeli Decl., Dkt. No. 16-5 ¶ 17.) His request for fresh clothing, bedding, and laundry exchange was granted, but his request for monetary compensation was denied. (*Id.*) He was told that his complaints against staff were being addressed in a separate grievance (No. 15-04691). (*Id.*) Plaintiff appealed.

His appeal was denied because he had been provided with clean linen and cleaning materials. (*Id.*, Voong Decl., Dkt. No. 16-3 ¶ 11.) He was advised to file a separate grievance regarding his medical complaints. (*Id.*)

### No. 15-04691

In this grievance, plaintiff alleged that Aboytes and Magana pepper-sprayed him excessively and for no valid reason; and that his finger was slammed in the food-tray port. He asked for money; polygraph testing of all staff involved in the September 26th incident; suspension, salary reduction, and retraining of Aboytes; and counseling for his emotional distress. (MSJ, Lomeli Decl., Dkt. No. 16-5 ¶ 16.)

His grievance was partially granted at the second level. (*Id.*) There was an investigation into the allegation of staff misconduct. (*Id.*) It was determined that staff did not violate CDCR policy with respect to the issues appealed. (*Id.*)

On March 16, 2016, plaintiff was notified of the second level decision. (*Id.*) His appeal of this decision was received on April 26, 2016. (*Id.*) A proof of service attached by plaintiff states that he mailed his appeal on April 15, 2016. (*Id.*, Voong Decl., Dkt. No. 16-3 ¶ 15.) The envelope was signed on April 18, 2016 by A. Lopez, a prison guard, and postmarked April 19, 2016. (*Id.*)

On July 11, 2016, the appeal was cancelled at the third level of review because it was not submitted within the 30-day time constraint after the second-level review decision. (*Id.*)

**No. 15-08668**

In this grievance, plaintiff challenged the cancellation of grievance No. 15-04691. (*Id.* ¶ 12.) On October 10, 2016, this grievance was rejected because plaintiff failed to submit supporting documents. (*Id.*) He was directed to submit a copy of the envelope he used to mail the cancelled grievance (No. 15-04691) to the third level. (*Id.*)

On February 13, 2017, plaintiff resubmitted the grievance with the requested documents. (*Id.*) The envelope containing his resubmission was accepted and signed by prison guard Lopez on April 18, 2016, that is, outside of the 30-day time constraint established by 15 California Code of Regulations §§ 3084.8 and 3084.6(c)(4). (*Id.*) This grievance was therefore cancelled at the third level of review. Plaintiff's underlying grievance (No. 15-04691) was therefore not reinstated and was never exhausted. (*Id.*)

**No. 15001623**

1  In this grievance, plaintiff alleged that after the attack, Jeudy denied him access to cold water, failed to follow decontamination protocols, and erroneously documented that he had been decontaminated. (MSJ, Gates Decl., Dkt. No. 16-1 ¶ 10.) He also alleged that he had been placed in a holding cell while still contaminated. (*Id.*)

His grievance was partially granted at the second level. (*Id.*) The allegations of staff misconduct were investigated. It was determined that staff did not violate CDCR policy. (*Id.*)

Plaintiff filed an appeal to the third level on December 18, 2016. (*Id.* ¶ 11.) It was denied on March 1, 2017. (*Id.*)

According to defendants, in his grievance, plaintiff did not raise any claim that Jeudy failed to treat his lacerations, abrasions or other wounds. (*Id.*)

**Nos. 15-05231 and 15-05274**

These grievances, which were submitted on October 28, 2015 and October 30, 2015, were cancelled as duplicates of No. 15-04691. (*Id.*, Lomeli Decl., Dkt. No. 16-5 ¶¶ 18-19.) Plaintiff did not challenge these cancellations or seek to have them overturned. (*Id.*)

**Mail Collection at Salinas Valley**

Defendants contend that plaintiff cannot have mailed his appeal of grievance No. 15-04691 on Friday, April 15, 2016 because mail is not collected on Fridays. In support of this assertion, defendants have presented undisputed evidence that outgoing prisoner mail is collected in the following way.

Outgoing prison mail is collected during the third watch each day from Sunday to Thursday. (MSJ, Lopez Decl., Dkt. No. 16-10 ¶ 4.) Mail is not collected on Friday and Saturday because the post office is closed the following days. (*Id.*)

On the days of collection, a control booth officer announces to all prisoners that outgoing mail is being collected. (*Id.* ¶ 5.) To send mail, a prisoner hands off his mail to a floor officer, who then places it in the building's mailbag. (*Id.*) If the prisoner labels his mail "confidential" and wants it treated as such, he presents the unsealed envelope to the

1 collecting officer for inspection for prohibited materials. (*Id.*) After inspection, the officer
2 seals the envelope, signs and dates it in front of the prisoner and places it in the mailbag
3 with the other mail. (*Id.*)

Plaintiff's proof of service, which he attached to his grievance (No. 15-04691), states that his mail was sent on April 15, 2016, which was a Friday. However, mail is not collected on Fridays, according to the undisputed evidence submitted by defendants. Lopez signed the envelope on April 18, which was a Monday, a day on which mail is collected.

During discovery, in a response to an interrogatory question, plaintiff asserted that he mailed his grievance on April 13. (MSJ, Desta Decl., Dkt. No. 16-12 at 3.) Defendants assert that it was impossible for Lopez to have collected mail from plaintiff on that day. They have presented evidence that Lopez was not assigned to plaintiff's floor on April 13. (*Id.*, Lopez Decl., Dkt. No. 16-10 ¶ 10.)

**STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

**DISCUSSION**

**i.    Aboytes and Magana**

Defendants Aboytes and Magana move for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit.

Prisoners must properly exhaust their administrative remedies properly before filing suit in federal court, as mandated by the Prison Litigation Reform Act ("PLRA"). *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016).

Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). In order to exhaust available administrative remedies

6

within this system, a prisoner must proceed through several levels of appeal: (i) informal review, submitted on a CDC 602 inmate appeal form; (ii) first formal-level appeal, to an institution appeals coordinator; (iii) second formal-level appeal, to the institution's warden; and (iv) third formal level appeal, to the Director of the CDCR. *See id.* § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). A prisoner exhausts the appeal process when he completes the third level of review. 15 CCR § 3084.1(b); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010).

The regulations require that an inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). For example, in a grievance the prisoner must "describe the specific issue under appeal and the relief requested." 15 CCR § 3084.2(a). He or she "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form." *Id.* § 3084.2(a)(4). Furthermore, the appeal must name "all staff member(s) involved" and "describe their involvement in the issue." *Id.* § 3084.2(a)(3).

The appeal from a decision must be submitted within 30 calendar days of "(1) [t]he occurrence of the event or decision being appealed, or; (2) [u]pon first having knowledge of the action or decision being appealed, or; (3) [u]pon receiving an unsatisfactory departmental response to an appeal filed." *Id.* § 3084.8(b). An appeal may be cancelled if "[t]ime limits for submitting the appeal are exceeded." *Id.* § 3084.6(c)(4).

Summary judgment will be denied because there is a dispute of material fact whether plaintiff exhausted his claims prior to filing suit. He asserts that he filed his appeal on April 13 or 15, that is, by the deadline. Defendants dispute this. He dated his proof of service April 15, 2016, a Friday, a day on which the prison does not collect mail and a day Lopez was not working; Lopez signed the outgoing mail on April 18; the envelope was postmarked April 18, 2016; and Lopez was not working on plaintiff's floor on April 13, the other date plaintiff asserts was the day he put his appeal in the mail. They contend that

7

1 plaintiff could not have filed his appeal on either of those dates because Lopez, who signed
2 the outgoing mail, was not on duty then.  Furthermore, plaintiff cannot have mailed his
3 appeal on April 15 because that day was a Friday, a day the prison does not collect mail.

The Court is consequently presented with two diametrically opposed sets of facts, the differences between which directly relate to whether plaintiff exhausted his claims against defendants.  Plaintiff has shown a genuine dispute of material fact.  Defendants' motion for summary judgment is DENIED.

**ii.     Jeudy**

Defendant Jeudy moves for summary judgment on grounds that plaintiff's grievance was insufficiently detailed to place the prison on notice that Jeudy failed to provide adequate medical care for plaintiff's abrasions and other injuries.

The motion is DENIED.  A review of the grievance shows that plaintiff's description of his injuries and Jeudy's actions would have placed the prison on notice that he was grieving Jeudy's failure to provide appropriate medical care.  The claims against Jeudy will be referred for settlement.

**CONCLUSION**

Defendants' motion for summary judgment is DENIED.  (Dkt. No. 16.)  Plaintiff's request that the Court rule on the motion for summary judgment is DENIED as moot. (Dkt. No. 32.)

This matter, which consists of the claims against Aboytes, Magana, and Jeudy, is REFERRED to the Hon. Robert Illman for purposes of settlement pursuant to the Pro Se Prisoner Mediation Program.  The proceedings will consist of one or more conferences as determined by Judge Illman.  They shall take place within 180 days of the date this order is filed.  Judge Illman shall coordinate a time and date for the conferences with all interested parties and/or their representatives and, within 180 days after the conclusion of the conference(s), file a report regarding the settlement proceedings.

**<u>Plaintiff must attend all conferences scheduled by Judge Illman and comply with his instructions in all respects.  Failure to attend even one conference or adhere</u>**

**to Judge Illman's instructions will result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

The Clerk shall forward a copy of this order to all parties and to Judge Illman's chambers and terminate all pending motions.

The Clerk shall terminate Dkt. Nos. 16 and 32.

**IT IS SO ORDERED.**

**Dated:** September 24, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>J. ABOYTES, et al.,<br><br>    Defendants. | Case No. 17-cv-03120-JCS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mark A. Brown ID: #AP-0910
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: September 24, 2018

                                              Susan Y. Soong
                                              Clerk, United States District Court

                                              By:_____
                                              Karen Hom, Deputy Clerk to the
                                              Honorable JOSEPH C. SPERO